IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CHARLES H. RICHARD,　　　　　　)
　　　　PLAINTIFF,　　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　No. 05-30097 MAP
ROCKY COAST, LLC,　　　　　　　)
　　　　DEFENDANT.　　　　　　　)

## NOTICE OF REMOVAL

Defendant Rocky Coast, LLC ("Defendant") hereby gives notice of the removal

of this action initiated by the plaintiff Charles H. Richard ("Plaintiff") from the Superior

Court Department, Commonwealth of Massachusetts, Hampden, SS., to the United States

District Court for Massachusetts, Eastern Division, pursuant to 28 U.S.C.§§ 1441 and

1446. The grounds for removal are as follows:

1.　　　On April 20, 2005, Plaintiff initiated a civil action in the Superior Court

Department, Commonwealth of Massachusetts, Hampden, SS. by filing a Complaint with

Exhibits and other pleadings. The action is presently pending and was assigned docket

number 05-407. A Summons And Order of Notice was issued by the Hampden Superior

Court on April 20, 2005 and Defendant was served a copy of it on April 21, 2005. The

other pleadings filed in the Superior Court were an Affidavit of Charles H. Richard;

Plaintiff's Motion for Approval of Memorandum of Lis Pendens Pursuant to G.L. c. 184,

§ 15; Plaintiff's Motion for Issuance of Preliminary Injunctive Relief, and Plaintiff's

Request for Issuance of a Short Order of Notice. A copy of the Summon And Order of

Notice and Complaint with Exhibits are attached hereto as Exhibit A. Attached hereto as

Exhibit B is a copy of Affidavit of Charles H. Richard; Plaintiff's Motion for Approval of

Memorandum of Lis Pendens Pursuant to G.L. c. 184, § 15; Plaintiff's Motion for

Issuance of Preliminary Injunctive Relief, and Plaintiff's Request for Issuance of a Short Order of Notice.

2.     Defendant wishes to exercise its right under the provisions of 28 U.S.C. §1441 et seq. to remove this action from the Superior Court Department, Commonwealth of Massachusetts, Hampden, SS.

3.     This Court has original jurisdiction of this matter pursuant to 28 U.S.C.§1332 and this matter may be removed to this Court by Defendant under the provisions of 28 U.S.C.§§ 1441 (a) and (b) in that Defendant is not a citizen of the Commonwealth of Massachusetts. Rather, Defendant is a Florida Limited Liability Company with a principal place of business located at 50 Portland Pier, Suite 400, Portland, Maine.

4.     This Notice of Removal is filed within thirty (30) days from the date on which Defendant received the Summons and Complaint.

5.     Defendant Rocky Coast, LLC is a Florida Limited Liability Company, successor by merger to Rocky Coast, LLC, a Maine Limited Liability Company, with a principal place of business located at 50 Portland Pier, Suite 400, Portland, Maine.

6.     As demonstrated by his Complaint and Affidavit, Plaintiff Charles H. Richard avers that he is an individual residing at 32 High Pine Circle, East Longmeadow, Massachusetts.

7.     Although the Complaint does not set forth an exact amount in controversy, the Complaint is seeking specific performance of a purchase and sale agreement (which is attached an as exhibit to Complaint) concerning real property with a the purchase price of $630,000.00. The Affidavit filed with the Complaint also avers that the purchase price for the property is $630,000.00. The Complaint also seeks compensatory damages,

2

multiple damages, and attorney's fees and costs pursuant to G.L.c.93A. Accordingly based on the plain language of the Complaint and the exhibits attached to it and incorporated by reference therein, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceed $75,000 and the parties are residents of different states.

8.    Venue is proper in the United States District Court for the District of Massachusetts, Western Division, pursuant to 28 U.S.C.§ 1441 and Local Rule 40.1 (C).

9.    A copy of this Notice for Removal is being filed with the Superior Court Department, Commonwealth of Massachusetts, Hampden, SS. and served upon Plaintiff and his counsel.

WHEREFORE, the Defendant Rocky Coast, LLC demands that this action be removed from Superior Court Department, Commonwealth of Massachusetts, Hampden, SS. to this Court as provided by law.

Dated: April 26, 2004

ROCKY COAST, LLC,
By its attorneys,

Evan T. Lawson (BBO# 289280)
J. Mark Dickison (BBO# 629170)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Removal was served

upon Plaintiff's counsel, Robert S. Murphy, Jr., Bacon & Wilson, P.C., 33 State Street,

Springfield, MA 01103 by hand delivery this 26th of April, 2005.

J. Mark Dickison

# Commonwealth of Massachusetts

HAMPDEN  , ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION

No. 05-407

CHARLES H. RICHARD _____, Plaintiff(s)

v.

ROCKY COAST, LLC. _____, Defendant(s)

### SUMMONS AND ORDER OF NOTICE

To the above-named Defendant:

Robert S. Murphy, Jr., Esquire

You are hereby summoned and required to serve upon BACON & WILSON, P.C. plaintiff's attorney, whose address is  33 State Street, Springfield, MA 01103

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE, ALSO NOTIFY YOU that application has been made in said action, as appears in the /Plff's motions for preliminary injunctive relief and approval of memo. of lis pendens and complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house at said Springfield in the ___B___ session without jury of our said court on ___Wednesday___ the ___27th___ day of ___April___ A.D. 2005 , at ___2:00___ o'clock P.M., at which you may appear and show cause why such application should not be granted.

Witness, Barbara J. Rouse, Esquire, at Springfield the _____20th_____ day of ___April___ in the year of our Lord two thousand five.

tmd/ks

*Marie G. Mazza*

CLERK/MAGISTRATE

### NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

orm No. 4

| AMENDED<br>CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: **Hampden** | Docket Number<br>*05-407* |
|---|---|---|

| PLAINTIFF(S)<br>**CHARLES H. RICHARD** | DEFENDANT(S)<br>**ROCKY COAST, LLC** |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Robert S. Murphy, Jr., Esquire<br>BACON & WILSON, P.C.<br>33 State Street<br>Springfield, MA 01103<br>(413) 781-0560<br>(413) 739-7740<br>Board of Bar Overseers number: 550804 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:

[ X ] 1. FO1 Original Complaint
[ ] 2. FO2 Removal to Sup. Ct. c231, s. 104
    (Before trial)       (F)
[ ] 3. FO3 Restransfer to Sup. Ct. C.231, s. 102C (X)

[ ] 4. FO4 District Ct. Appeal c231, s. 97 &104 (After Trial (X)
[ ] 5. FO5 Reactivated after Rescript, Relief from Judgment/
    Order (Mass. R Civ. P. 60)      (X)
[ ] 6. E10 Summary Process Appeal      (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D01 | Specific Performance | ( A ) | ( ) Yes  ( X ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.
For this form, disregard double or treble damage claims; Indicate single damages only.

### TORT CLAIMS
**(Attach additional sheets as necessary)**

A. Documented medical expenses to date:
  1.  Total hospital expenses................................................................ $ _____
  2.  Total Doctor expenses................................................................ $ _____
  3.  Total chiropractic expenses........................................................ $ _____
  4.  Total physical therapy expenses................................................. $ _____
  5.  Total other expenses (describe)................................................... $ _____
                        Subtotal $ _____

B. Documented lost wages and compensation to date................................ $ _____
C. Documented property damages to date................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses.................. $ _____
E. Reasonably anticipated lost wages...................................................... $ _____
F. Other documented items of damages (describe) .
                                       $ _____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                            $..............
                            TOTAL  $ _____

### CONTRACT CLAIMS
**(Attach additional sheets as necessary)**

Provide a detailed description of claim(s):

**Plaintiff seeks specific performance of contract for sale of land.**

                            $630,000.00
                            TOTAL

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR
COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on
Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute
resolution services and discuss with them the advantages of the various methods."

Signature of Attorney of Record                        Date:  April 19, 2005
               Robert S. Murphy, Jr.

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.

CHARLES H. RICHARD,

Plaintiff

**COMPLAINT**

v.

ROCKY COAST, LLC.,

Defendant

## PARTIES

1.      The Plaintiff, Charles H. Richard (hereinafter referred to as the "Buyer"), is an individual with a residential address of 32 High Pine Circle, East Longmeadow, Massachusetts.

2.      The Defendant, Rocky Coast, LLC (hereinafter referred to as the "Seller"), is a Florida Limited Liability Company, successor by merger to Rocky Coast, LLC, a Maine Limited Liability Company with a principal place of business located at 50 Portland Pier, Suite 400, Portland, Maine.

## FACTS COMMON TO ALL COUNTS

3.      The Seller, by an agreement in writing dated February 17, 2005, and signed by the Seller's authorized agent, agreed to sell to the Buyer a certain parcel of real estate located in Wilbraham, Massachusetts consisting of five (5) residential building lots, more particularly described on a Plan entitled "Patriot Ridge Lane Definitive Flexible Subdivision, Definitive Plot Plan," dated November 13, 2003 prepared by Huntley Associates, P.C., and recorded on May 14, 2004 at Book of Plans book number 332, page 113 in the Hampden County Registry of Deeds.

4.      The Seller agreed to convey on or before March 11, 2005 the above-described property by means of a "good and sufficient Quitclaim Deed of the Seller, transferring good and clear, record and marketable title." See paragraph two of Purchase and Sale Agreement attached hereto as Exhibit "A."

5.      The Buyer retained a title company to determine whether good and clear, record and marketable title could be transferred to the Buyer by way of a Quitclaim Deed.

IACON & WILSON, P C.
ATTORNEYS AT LAW
33 STATE STREET
SPRINGFIELD, MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

9 CHAPEL STREET
WESTFIELD, MA 01085
TELEPHONE (413) 562-9607
FAX (413) 562-7589

351 PLEASANT STREET
NORTHAMPTON, MA 01060
TELEPHONE (413) 584-3250
FAX (413) 586-0548

34 ELLA GRASSO TURNPIKE
WINDSOR LOCKS CT 06096
TELEPHONE (860) 623-6482
FAX (860) 654-1948

1

6.  The title examiner, and subsequent review by a title insurance company revealed a title defect which precluded the Seller to transfer good and clear, record and marketable title without further remedial action.  See letter of Ellis Title attached hereto as Exhibit "B" and letter from First American Title Insurance Company attached hereto as Exhibit "C."

7.  On or about March 15th and again on March 16th, 2005, the Seller, through its agent, proposed corrective action to rectify the title flaw.  See Exhibits "D" and "E" attached hereto.

8.  The Buyer, through counsel, indicated a willingness to the Seller to accept the proposed corrective action.

9.  The Seller, through its authorized agent, subsequently failed to take any corrective action to rectify the flaw in the chain of title.

10. On or about April 12, 2005, correspondence from the Seller's authorized agent was received which suggested that the title as it currently exists was "marketable in its present condition and status" and insurable by First American Title Insurance Company "or otherwise."

11. First American Title Insurance Company is unwilling to insure title in its present condition and status.

12. The Buyer is ready, willing and able to perform pursuant to the terms of the contract provided the Seller is able to convey title by a good and sufficient Quitclaim Deed of the Seller, transferring good and clear, record and marketable title.  The Seller has failed and refused to do same and has indicated an intention to sell to another party without having made any attempts to follow the proposed corrective action advanced by the Seller in March.

13. The Buyer has requested the Seller to perform as required under the Agreement, but the Seller has refused and neglected to do so.

14. The Buyer has suffered ancillary damage and out-of-pocket expenses in the form of payment for permits, plot plans, surveys, signage, blueprints and preliminary planning board approval of his building project  and installing a well to service one of the lots, all in reasonable reliance on the Seller's good faith performance under the terms of the contract.

BACON & WILSON, P.C.
ATTORNEYS AT LAW
33 STATE STREET
SPRINGFIELD, MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

9 CHAPEL STREET
WESTFIELD, MA 01085
TELEPHONE (413) 562-9607
FAX (413) 562-7589

351 PLEASANT STREET
NORTHAMPTON, MA 01060
TELEPHONE (413) 584-3250
FAX (413) 586-0548

34 ELLA GRASSO TURNPIKE
WINDSOR LOCKS, CT 06096
TELEPHONE (860) 623-6482
FAX (860) 654-1948

## COUNT I

### (Specific Performance)

15.  The Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 14 of his Complaint.

16.  The Seller has refused to make tender as provided in the terms and conditions of the Purchase & Sale Agreement.

WHEREFORE, the Plaintiff, Charles Richard, demands:

I.  That the Defendant, Rocky Coast, LLC., be required to specifically perform said agreement;

II.  That the corrective action proposed by the Defendant on or about March 15, 2005 and March 16, 2005 be performed by the Defendant;

III.  That if specific performance is not granted, an assessment of damages and award of interest and costs; and

IV.  That the Plaintiff may have such further and other relief as the Court deems necessary.

## COUNT II

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

17.  The Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 16 of his Complaint.

18.  The Seller had a duty of good faith and fair dealing in its transaction with the Buyer.

19.  The Seller has violated its duty of good faith and fair dealing by failing to pursue a corrective action to clear title in this matter which the Seller proposed and which was accepted by the Buyer.

20.  The Seller has further violated its duty of good faith and fair dealing by attempting to market the property to others and/or by threatening same.

WHEREFORE, the Plaintiff, Charles Richards, seeks an assessment of damages and an award of his costs incurred in this action.

BACON & WILSON, P.C.
ATTORNEYS AT LAW
33 STATE STREET
SPRINGFIELD, MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

9 CHAPEL STREET
WESTFIELD, MA 01085
TELEPHONE (413) 562-9607
FAX (413) 562-7589

351 PLEASANT STREET
NORTHAMPTON, MA 01060
TELEPHONE (413) 584-3250
FAX (413) 586-0648

134 ELLA GRASSO TURNPIKE
WINDSOR LOCKS, CT 06096
TELEPHONE (860) 623-8482
FAX (860) 654-1948

3

## COUNT III

### (Violation of G.L. c. 93A, §11)

21.  The Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 20 of his Complaint.

22.  The Seller's course of conduct in this transaction was made in willful disregard of known contractual obligation(s) and for the purpose of bestowing a benefit upon the selling party by obtaining a higher sale price for the property.

23.  Said conduct is a violation of the implied covenant of good faith and fair dealing constitutes a violation of Massachusetts General Law Chapter 93A, §11.

WHEREFORE, the Plaintiff, Charles Richard, demands:

I.    That the Plaintiff's damages be assessed and awarded;

II.   That the Plaintiff's reasonable attorney's fees be assessed and awarded against the Defendant;

III.  That damages be doubled or trebled; and

IV.   For such other equitable relief this Court may deem just.

## COUNT IV

### (Suit for Injunctive Relief)

24.  The Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 23 of his Complaint.

25.  As stated herein, the Seller has stated an intent to ignore its obligations under the Purchase & Sale Agreement, to take no further action to remedy the title defect and to offer to the property for sale to others.

26.  In the event that the Seller obtains another buyer for the property, the Buyer's interests would be irreparably harmed.

27.  Buildable lots in the Town of Wilbraham in a desirous location such as the Patriot Lane area are unique and of limited supply.

28.  As a result of the immediate and irreparable harm to be suffered by the Buyer, the Buyer is entitled to injunctive relief, in the form requested below, for the purpose of preventing the immediate and irreparable harm to the Buyer.

BACON & WILSON, P.C.
ATTORNEYS AT LAW
33 STATE STREET
SPRINGFIELD, MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

9 CHAPEL STREET
WESTFIELD, MA 01085
TELEPHONE (413) 562-9607
FAX (413) 562-7589

351 PLEASANT STREET
NORTHAMPTON, MA 01060
TELEPHONE (413) 584-3250
FAX (413) 586-0548

34 ELLA GRASSO TURNPIKE
WINDSOR LOCKS, CT 06095
TELEPHONE (860) 623-6482
FAX (860) 654-1948

WHEREFORE, the Plaintiff, Charles H. Richard, hereby requests that the Court:

I.    Issue a Short Order of Notice;

II.   Issue a Preliminary Injunction enjoining the Defendant, Rocky Coast, LLC., its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the Preliminary Injunction from marketing, selling, encumbering or damaging the property which is the subject matter of this litigation; and more particularly described on a Plan entitled "Patriot Ridge Lane Definitive Flexible Subdivision, Definitive Plot Plan," dated November 13, 2003 prepared by Huntley Associates, P.C., and recorded on May 14, 2004 at Book of Plans book number 332, page 113 in the Hampden County Registry of Deeds; until further order of the Court;

III.  Issue a Permanent Injunction enjoining the Defendant, Rocky Coast, LLC., its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the Preliminary Injunction from marketing, selling, encumbering or damaging the property which is the subject matter of this litigation; and more particularly described on a Plan entitled "Patriot Ridge Lane Definitive Flexible Subdivision, Definitive Plot Plan," dated November 13, 2003 prepared by Huntley Associates, P.C., and recorded on May 14, 2004 at Book of Plans book number 332, page 113 in the Hampden County Registry of Deeds; and

IV.   Award any additional relief this Court deems just and proper.

BACON & WILSON, P C
ATTORNEYS AT LAW
33 STATE STREET
SPRINGFIELD  MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

9 CHAPEL STREET
WESTFIELD  MA 01085
TELEPHONE (413) 562-9607
FAX (413) 562-7589

351 PLEASANT STREET
NORTHAMPTON  MA 01060
TELEPHONE (413) 584-3250
FAX (413) 586-0548

334 ELLA GRASSO TURNPIKE
WINDSOR LOCKS CT 06096
TELEPHONE (860) 623-6482
FAX (860) 654-1948

Respectfully submitted,
The Plaintiff,
Charles H. Richard,
By His Attorney,

ROBERT S. MURPHY, JR., ESQUIRE
BACON & WILSON, P.C.
33 State Street
Springfield, MA 01103
Ph:  (413) 781-0560
Fax:  (413) 739-7740
BBO# 550804
April 15, 2005

379377

BACON & WILSON, P.C.
ATTORNEYS AT LAW
33 STATE STREET
SPRINGFIELD, MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

9 CHAPEL STREET
WESTFIELD, MA 01085
TELEPHONE (413) 562-9607
FAX (413) 562-7589

351 PLEASANT STREET
NORTHAMPTON, MA 01060
TELEPHONE (413) 584-3250
FAX (413) 586-0548

34 ELLA GRASSO TURNPIKE
WINDSOR LOCKS, CT 06096
TELEPHONE (860) 623-6482
FAX (860) 654-1948

6

EXHIBIT "A"

## PURCHASE AND SALE AGREEMENT

Property Address:     Lots 1, 2, 3, 4 and 5 Patriot Ridge Lane
Wilbraham, MA

This _17_day of February, 2005, **ROCKY COAST, LLC** of a Florida Limited Liability Company, successor by merger to ROCKY COAST, LLC, a Maine Limited Liability Company with a place of business located at 50 Portland Pier, Suite 400, Portland, Maine 04101 hereinafter called the SELLER, agrees to SELL and **CHARLES H. RICHARD** of 32 High Pine Circle, East Longmeadow, Massachusetts, hereinafter called the BUYER or PURCHASER, agrees to BUY, upon the terms and conditions hereinafter set forth, the premises known and numbered as Lots 1, 2, 3, 4 and 5, Patriot Ridge Lane, Wilbraham, Hampden County, Massachusetts ("Premises"), being a portion of the premises described in a Plan as more particularly described in the attached Exhibit "A" and relating to the premises more fully described in the Hampden County Registry of Deeds at Book 11182, Page 221. The property is also described on a plan entitled "Patriot Ridge Lane Definitive Flexible Subdivision, Definitive Plot Plan, dated November 13, 2003 prepared by Huntley Associates, PC, and recorded on May 14, 2004 at Book of Plans Book 332, Plan 113 in said Registry of Deeds.

1.     Personal Property Included:

Included in the sale as part of said Premises are all trees, shrubs, and plants and any and all improvements located at the Premises.

2.     Conveyance of Title:

Said premises are to be conveyed on or before March 9, 2005 and the Premises will be conveyed by a good and sufficient Quitclaim Deed of the SELLER, transferring good and clear, record and marketable title to the same free from all encumbrances, except:

(a)     Usual public utilities servicing the property, if any;

(b)     Such taxes for the current year as are not due and payable on the date of delivery of such Deed;

(c)     Any liens for municipal assessments and/or orders for which assessments may be made after the date of this Agreement;

(d)     Subject to restrictions and easements of record, if any, which do not materially affect the value or intended use and enjoyment of the Property. Such restrictions, encumbrances and easements are known to include the following:

(i)     Order of Conditions (WPA Form 5) issuing from the Wilbraham Conservation Commission dated October 7, 2003 recorded at Book 13708, Page 476.

299121                                    1

    (ii)    Any easements and rights of way described on the Plan of Land recorded at Plan Book 332, Page 113 on May 14, 2004;

    (iii)   Open Space Deed (of Lot 9) recorded at Book 14171, Page 587.

    (iv)   Notice of Decisions (Special Permit Application) issuing from the Planning Board recorded at Book 14171, Page 589;

    (v)    Grant of easement at Book 14171, Page 596

    (vi)   Conveyance of Easement Rights in Street (over Patriot Ridge Lane) recorded at Book 14171, Page 599;

    (vii)   Subdivision of Covenant in Lieu of Bond recorded at Book 14172, Page 1

    (viii)  Declaration of Protective Covenants recorded at Book 14172, Page 6.

  (e)    Provisions of existing building and zoning laws provided the same do not prevent Buyer from building single family homes on each of the lots to be purchased;

3.    Purchase Price:

The agreed purchase price for said premises is SIX HUNDRED THIRTY THOUSAND AND 00/100 ($630,000.00) DOLLARS, of which ONE THOUSAND DOLLARS ($1,000.00) has been deposited with the BUYER'S offer and TWENTY FOUR THOUSAND AND 00/100 ($24,000.00) DOLLARS has been paid as a deposit this day. SIX HUNDRED AND FIVE AND 00/100 ($605,000.00) DOLLARS is to be paid at the time of delivery of the deed in cash, cashier's check, bank check, or attorney's trust fund check.

4.    Date and Location of Closing:

The Deed is to be delivered and the consideration paid, at the offices of Bacon & Wilsor P.C., 33 State Street, Springfield, Massachusetts on, in which the deed should, by law, be recorded on March 3, 2005, unless some other place and time should be mutually agreed upon.

5.    Application of Funds to Clear Title:

To enable the SELLER to make conveyance as herein provided, the SELLER may, at the time of delivery of the deed, use the purchase money or any portion thereof, to clear the title of any and all encumbrances or interests, provided that all instruments so procured are recorded simultaneously with the delivery of said deed.

6.    Access to Property:

Prior to closing, Buyer or Buyer's agents, employees or contractors shall have the right to enter onto the property being sold hereunder for the purpose of conducting measurements and soils tests. However, Buyer shall indemnify and hold Seller harmless from all damages to persons or property while Buyer or Buyer's agents are on the property and return the property to the condition it was in prior to Buyer's entry on the property.

7.    Possession of Premises:

Full possession of the said premises, free of all tenants and occupants is to be delivered to the BUYER at the time of the delivery of the Deed, the said premises to be then in the same condition in which they now are.

8.    Closing Adjustments:

Taxes shall be apportioned as of the day of delivery of the Deed. If the amount of said taxes is not known at the time of the delivery of the Deed, they shall be apportioned on the basis of the taxes assessed for the preceding year with a reapportionment as soon as the new tax rate and valuation can be ascertained, which latter provision shall survive the delivery of the Deed.

9.    Deposit:

All deposits made hereunder shall be held by Bacon & Wilson P.C as escrow agent under the terms of this Agreement and shall be duly accounted for at the time for performance of this agreement.

10.    Default by BUYER:

If the BUYER shall fail to fulfill the BUYER's agreements herein, all deposits made hereunder by the BUYER shall be forfeited by the BUYER and retained by the SELLER as liquidated damages as SELLER's sole remedy at law or in equity.

12.    Underground Storage Tanks:

The SELLER represents that upon its information and belief, and all sources of information made available to the SELLER, that there are no underground storage tanks at the Premises. Notwithstanding, the SELLER does not and cannot warrant that there are no underground storage tanks at the Premises.

13.    Acceptance of Deed by BUYER:

The acceptance of a deed by the BUYER or his nominee as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are, by the terms hereof, to be performed after the delivery of said deed.

14.    Representation as to Brokers:

The SELLER acknowledges that they have been assisted throughout this process by New England Discount Realty (the "Broker") and the SELLER hereby holds the BUYER harmless with respect to any and all costs associated with commission due to the Broker.

15.    Construction of Agreement:

This instrument, executed in triplicate, is to be construed as a Massachusetts contract, is to take effect as a sealed instrument, sets forth the entire contract between the parties, is binding upon and inures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be cancelled, modified or amended only by a written instrument executed by both the SELLER and the BUYER. If two or more persons are named herein as BUYER or SELLER their obligations hereunder shall be joint and several.

16.    Survivability:

All obligations which shall potentially occur after the date of this Agreement shall survive the closing.

17.    Additional Conditions.

a.    The SELLER has posted a bond with the Town of Wilbraham as required by this Agreement and upon completion of work at the subdivision and/or the completion of the obligations secured by said bond; the BUYER will cooperate with the SELLER to have all remaining proceeds of the bond released.

b.    This Agreement is also subject to the SELLER providing the BUYER with a mutually satisfactory right of first refusal for lots 6, 7, and 8 located within the subdivision of which the Premises are a part. The Agreement reflecting this right will be in a form deemed to be satisfactory to both parties to this Agreement.

c.    The SELLER agrees to obtain all necessary municipal easements to assure the availability of a connection to the proposed single family residence of installed and completed utility services including sewer, electricity, telephone, and cable, along with all necessary governmental permits for the installation of the above mentioned utilities.

d.    Subject to the BUYER'S confirmation that each lot is a buildable lot for which all necessary state and local permits can be obtained to erect separate single dwellings and/or the Buyers satisfaction with all conditions that might affect or interfere with the timely issuance of said building permits.

e.    SELLER represents that it has no knowledge of any improvements or assessments for public improvements which have been made against the premises which remain unpaid.

f.    SELLER agrees that it will remain responsible for the installation of a top coat upon the cul de sac area and Patriot Ridge Lane as described on said Plan and the specific landscaping for which the SELLER has already arranged with its own contractor, but represents that in accordance with its Agreement with the Planning Board of the Town of Wilbraham, in exchange for a donation by Rocky Coast,

LLC to the Sidewalk Fund of the Town of EIGHT THOUSAND FOUR HUNDRED .AND 00/100 ($8,400.00) DOLLARS on January 6, 2005, the SELLER satisfied the sidewalk requirements of the Town and its Planning Board, so that the SELLER is not responsible for the construction of any sidewalks in the subdivision area.

18. <u>Due Diligence Period</u>. The BUYER has the right to obtain at BUYER's own expense an inspection with any and all consultants of the SELLER's choosing on or before twenty one (21) days from the date of this Agreement. If the BUYER shall not be satisfied with the condition as determined by said inspection, BUYER shall have the right to terminate this Agreement in which case all sums paid this date shall be refunded and the obligations of both parties shall thereupon cease PROVIDED HOWEVER, the BUYER shall notify SELLER in writing of their election to so terminate on or before twenty one (21) days from the date of this Agreement. The BUYER shall conclusively waived their rights under this subparagraph as to termination is they shall not give SELLER notice in writing of their election to so terminate on or before twenty one (21) days of this Agreement. IN CONSIDERATION of this right of inspection and rescission SELLER is released from liability relating to defects in the premises actually disclosed or defects about which SELLER has no actual knowledge prior to the conveyance of the property.

Also see the Addendum "A" attached here and incorporated by reference.

**EXECUTED AS A SEALED INSTRUMENT** on the day and year first above written.

Signed and delivered
in the presence of:

ROCKY COAST, LLC

BY: _____ Manager
                                    SELLER

Witness  Greg Gervais

_____
Witness                    Charles H. Richard,    BUYER

# Addendum to Purchase and Sale Agreement

Notwithstanding the conveyance by the SELLER to the BUYER of title to the property, the SELLER ROCKY COAST, LLC shall retain and continue have the sole and exclusive ownership interest in any and all funds tendered by the SELLER upon the two particular performance Bonds described below.

BOND TO THE WILBRAHAM CONSERVATION COMMISSION:
Amount of Bond=                                    $15,000.00

BOND TO PLANNING BOARD OF THE TOWN OF WILBRAHAM
Amount of Bond=                                    $33,000.00

Upon issuance by the Commission and the Planning Board of Certificates of Compliance with the conditions of the respective Bonds, or communication by the Commission and the Planning Board at an earlier date of notice of satisfaction with the Bond(s), all funds so tendered by the SELLER for the Bond shall be refunded solely to the SELLER ROCKY COAST, LLC.

In the event that there are any claims in any amounts upon either or both Bonds on account of any action, conduct or omission of the BUYER and/or anyone acting as his agent or on his behalf, then the BUYER shall reimburse the SELLER pro tanto for any amount so deducted by the Commission and/or the Planning Board at the time of the tender of payment back to ROCKY COAST, LLC, said payment by the BUYER to the SELLER herein within 10 days of receipt of any accounting for the funds constituting the Bonds and payment thereupon.

_____                    _____
SELLER (ROCKY COAST, LLC)                           BUYER (CHARLES H. RICHARD)
Dated: February ___, 2005                           Dated: February ___ 2005

## AGREEMENT OF FIRST REFUSAL

Agreement made this *17th* day of *February*, 2005, by and between
ROCKY COAST, LLC, a Florida limited liability company, successor by
merger to Rocky Coast, LLC, a Maine limited liability company, with place
of business at 50 Portland Pier, Suite 400, Portland, Maine 04101 ("ROCKY
COAST") and CHARLES RICHARD, an individual residing at 56 Deer
Run Terrace, Eastlongmeadow, Massachusetts 01028 ("RICHARD").

For good and valuable consideration, the receipt whereof is hereby
acknowledged, ROCKY COAST and RICHARD hereby agree that the
following property located in Wilbraham, Hampden County, Massachusetts
shall be subject to the terms and conditions described herein (generally
referred to as a "RIGHT OF FIRST REFUSAL"):

> Lots 6, 7 and 8 on Patriot Ridge Lane, Wilbraham, Massachusetts, as
> identified and designated on "Patriot Ridge Lane Definitive
> Subdivision, Definitive Plot Plan", dated November 12, 2003
> prepared by Huntley Associates, P.C. and recorded on May 14, 2004
> at Plan Book 332 Plan 113 at the Hampden County Registry of Deeds.

ROCKY COAST agrees that it shall not sell said property, any or all of the
said three lots, whether separately or the three lots in gross, unless ROCKY
COAST has:

a)    Been given or delivered an arms length bona fide offer to purchase a
      lot or lots in question;

b)    ROCKY COAST has delivered written notice to said RICHARD  at
      the above address by certified mail and his attorney, Francis R.
      Mirkin, Esq., at Bacon & Wilson, P.C. at 33 State Street, Springfield,
      Massachusetts 01103-2003, stating the name and address of the
      offeror, the terms and conditions of said bona fide offer, and the
      encumbrances to which said lot or lots are subject and containing an
      offer by ROCKY COAST to sell  said lot or lots to RICHARD on the
      same terms and conditions as said bona fide offer, except that said
      offer from ROCKY COAST to RICHARD need not contain any
      contingency for mortgage financing or any loan in order to so

purchase the lot or lots in question and the date of conveyance stated therein shall be no more than 45 days after issuance of said offer to RICHARD, and RICHARD has not delivered or otherwise given ROCKY COAST written notice that he intends to elect to purchase the lot or lots which are the subject of said offer within 10 business days of receipt of said offer;

c)   In the event that RICHARD elects to so purchase the lot or lots in question, ROCKY COAST shall convey to RICHARD the lot or lots in question by good and sufficient Quitclaim Deed conveying good and clear and marketable title thereto, free from all encumbrances except those so specified in the bona fide offer, and such consideration shall be paid and the Deed of the lot or lots in question shall be delivered at the Hampden County Registry of Deeds in Springfield, Massachusetts on the date and time specified in the offer communicated from ROCKY COAST to RICHARD;

d)   In the event that RICHARD does not give such notice of election to purchase the lot or lots which are the subject of the offer within the time period specified above or in the event that after RICHARD provides such notice he fails to complete the purchase of the lot or lots in question as provided for herein, then ROCKY COAST shall be at liberty thereafter to sell and convey the lots or lots which were specifically the subject of said bona fide offer at a price not lower and upon terms not less favorable without again offering the dame lot or lots to RICHARD, to the party or person who communicated said offer;

e)   If ROCKY COAST shall make and record with said Registry of Deeds an affidavit stating that (1) a certain conveyance by ROCKY COAST is made pursuant to a bona fide offer to purchase, (2) said ROCKY COAST has given notice to RICHARD in connection with said conveyance as required by and in compliance with the provisions of this Agreement, (3) said ROCKY COAST has not received written notice of election to purchase delivered by RICHARD or that RICHARD delivered said notice but failed to complete the conveyance in accordance with the provisions contained herein, and (4) such conveyance is made to the person named in said notice at a price not lower that that therein stated, then such Affidavit shall be conclusive evidence of compliance with the requirements of this Agreement with respect to such conveyance in favor of the grantee therein and any and all persons claiming by, through or under such grantee.

f)    It is further understood and agreed that the obligation to offer said lot or lots is the obligation solely of ROCKY COAST and that no prior owners who have complied with the terms of this Agreement in connection with a transfer by them shall be required to see to the implementation of the terms of this Agreement by any subsequent grantee of the subject lot or lots.

g)    For the purposes of this Agreement, a lease or tenancy or occupancy agreement for a term of more than five (5) years shall be deemed to be a sale, and RICHARD shall have the right of first refusal with respect to any such lease, tenancy or occupancy, exercisable in the manner aforesaid insofar as applicable.

h)    This Agreement shall expire and will no longer be of any force nor effect at the earlier of (1) when all three of the lots in question have been so conveyed by Quitclaim Deed to either RICHARD and/or to original offerors or (2) eighteen (18) months from the date of this Agreement.

The provisions hereof shall not be construed to apply to (a) bona fide mortgages to recognized lending institutions of the subject lots or any lot or to sales or other proceedings for the foreclosure thereof, or (b) to easements to any municipality or utility company required for the installation and/or maintenance of drainage, sewerage, electric, gas, water, telephone, cable and lines, poles and cables appurtenant to and from the lot or lots, or (c) successors in interest and/or subsidiaries of ROCKY COAST, LLC.

WITNESS THE EXECUTION HEREOF UNDER HAND AND SEAL AS OF THE ABOVE DATE:

ROCKY COAST, LLC

BY: Todd J. Wilpitis
ITS:  Manager

_as atty-in fact - P.O.A._
CHARLES RICHARD

## STATE OF MAINE

CUMBERLAND COUNTY

Then personally appeared before me this ⟨7th⟩ day of ⟨January⟩, 2005, the above identified ⟨Todd D. Crossley⟩, a Manager of ROCKY COAST, LLC, who swore to me that his/her execution of this instrument was his/her free act and deed on behalf of said ROCKY COAST, LLC.

NOTARY PUBLIC
(NAME:
My Commission Expires:
Notary Public, Maine
My Commission Expires May 4, 2008

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

Then personally appeared before me this ___ day of _____, 2005, the above identified  CHARLES RICHARD who swore to me that his/ execution of this instrument was his free act and deed .

NOTARY PUBLIC
(NAME:
My Commission Expires:

STATE OF MAINE

Cumberland County

On this ⟨15th⟩ day of ⟨February⟩, 2005, before me, the undersigned notary public, personally appeared ⟨Todd D. Crisides⟩, proved to me through satisfactory evidence of identification, which were ⟨personally known⟩ to be the person whose name is signed on the preceding or attached document and acknowledged to me that he/she signed it voluntarily for its stated purpose on behalf of Rocky Coast, LLC.

⟨signature⟩

, Notary Public

My commission expires:
LAURA BILODEAU
Notary Public, Maine
My Comm. Expires May 4, 2008

COMMONWEALTH OF MASSACHUSETTS

Hampden, ss.

On this 16th day of February, 2005, before me, the undersigned notary public, personally appeared Francis R. Mirkin, proved to me through satisfactory evidence of identification, which was personal knowledge, to be the person whose name is signed on the preceding or attached document and acknowledged to me that he signed it voluntarily for its stated purpose as Power of Attorney for Charles Richard.

⟨signature⟩

Laurie A. Ferreira, Notary Public
My commission expires: 09/03/2010

LAURIE A. FERREIRA
Notary Public
Commonwealth of Massachusetts
My Commission Expires
September 3, 2010

EXHIBIT "B"

ELLIS TITLE COMPANY, INC.
73 STATE STREET
SPRINGFIELD, MASSACHUSETTS 01103-2008

———

(413) 733 - 4197
FAX (413) 732-5587

JAMES M. SWEENEY, ATTORNEY
ELIZABETH A. GINTER, ATTORNEY

April 14, 2005

Francis R. Mirkin, Esquire
Bacon & Wilson, PC
33 State Street
Springfield, MA  01103

RE:    Patriot Ridge Subdivision
       Patriot Ridge Lane, Wilbraham, Massachusetts
       Lots 1-5, Book of Plans 332, Page 113

Dear Attorney Mirkin:

        Upon examination of the records at the Hampden County Registry of
Deeds and Probate I found a cloud on the title for the above mentioned property.
Our current plan was once comprised of at least six different tracts. One of these
tracts was conveyed to a John F. Baldwin [Sr.] by deed of Joseph J. Baldwin and
William V. Baldwin, individually, and the said Joseph J. Baldwin, as Executor,
dated May 1, 1945 and recorded as aforesaid in Book 1837, Page 1. A portion of
this tract (later conveyed back in) was conveyed by said John F. Baldwin
immediately, whereupon, Ruby S. Baldwin signed as spouse of said John F.
Baldwin. Then, John F. Baldwin [Sr.] then dies intestate leaving the tract to his
wife, Ruby, and two sons namely, John F. Baldwin, Jr. and Joseph V. Baldwin.
The heirs of John F. Baldwin [Sr.] never convey out this tract of land. Then in
1979 John F. Baldwin [Jr.] conveys the tract with several other tracts to make up
our current plan.

        Therefore, since the heirs do not convey this tract we are missing the
interest of Ruby S. Baldwin and Joseph V. Baldwin as heirs of John F. Baldwin
[Sr.]. I think that people assumed that the grantee in 1945, John F. Baldwin was
the same as the grantor in 1979 when this was not the case by evidence on
record.  Also, Ruby S. Baldwin conveyed all her real estate held by her by
DEEDS in the Hampden County Registry of Deeds to herself and John F.

Francis R. Mirkin, Esquire
April 14, 2005
Page Two


Baldwin [Jr.] as joint tenants.  However, this would not have conveyed the tract inherited by her, therefore, in my opinion her interest did not pass by survivorship to John F. Baldwin [Jr.] and her interest is still missing.

A deed is recorded in which William V. Baldwin and Joseph V. Baldwin (the son and holder of missing interest), et als, convey all property of John W. Baldwin not previously conveyed or devised to John F. Baldwin [Jr.]. Unfortunately since our piece was previously conveyed out of the estate of John W. Baldwin, this deed would not encompass our tract.  Therefore, this does not resolve the missing interest of Joseph V. Baldwin.

Based upon the following, I would be unable to certify clear and marketable title for the above mentioned property until these issues have been resolved.



Very Truly Yours,
Ellis Title Company, Inc.



By: _____
Elizabeth A. Ginter


/eag
File 05-175

EXHIBIT "C"



**First American**
**Title Insurance Company**

April 15, 2005

Bacon & Wilson, P.C.
33 State Street
Springfield, MA 01103

RE: Patriot Ridge Lane, Wilbraham, MA

Dear Attorney Robert Murphy


This letter confirms that we are unable to insure the title to real property located at Patriot Ridge Lane, Wilbraham, MA by deed dated April 11, 2000 and recorded in the Hampden County Registry of Deeds in Book 11182, Page 221, our position results from the one-third interest of Joseph V. Baldwin and our uncertainty that his interest was ever conveyed. Joseph V. Baldwin acquired his interest from the estate of his father, John F. Baldwin (Sr. or elder) who died in 1947. The Probate is on file in the Hampden County Registry of Probate.

Joseph V. Baldwin was one of three grantors in a deed dated August 1, 1958 and recorded in the Hampden County Registry of Deeds in Book 2633, Page 41. The property was conveyed to his brother John F. Baldwin (Jr. or younger). In this deed, the property conveyed is described as:
    "All and singular the real estate of record in Hampden County now belonging to John W. Baldwin, late of Wilbraham, not previously conveyed or devised. Subject to all encumbrances of record. The grantors and the grantees are all the heirs of the said John W. Baldwin, deceased, and of Joseph J. Baldwin, deceased".

John W. Baldwin, deceased of Wilbraham, is the father of John F. Baldwin (Sr. or elder) and would be the grandfather of Joseph V. Baldwin (owner of the one-third) and John F. Baldwin (Jr. or younger).

We believe that the language in the deed description limits what is being conveyed. The land being described is that of John W. Baldwin, late of Wilbraham, NOT PREVIOUSLY CONVEYED OR DEVISED. The one third interest that Joseph V. Baldwin inherited was land that was BOTH devised and conveyed to his father John F. Baldwin (Sr. or elder), who was one of the heirs of John W. Baldwin.

Furthermore, the description in the deed states that the grantors and grantees are heirs of John W. Baldwin and Joseph J. Baldwin. Joseph V. Baldwin (owner of the one third interest) is neither. He was the heir of John F. Baldwin (Sr. or elder). The deed does not state that Joseph V. Baldwin is conveying the interest derived from his father. That may have been the intent of the deed, but based on the actual deed language, we do not believe that the interest of Joseph V. Baldwin, which was derived from his father, was conveyed.

Therefore, based upon the information we received and documents that we have reviewed, we are unable to insure title to this land at this time.

Sincerely,
First American Title Insurance Company

By: Stephen M. Leecock
Branch counsel

SML/jh

EXHIBIT "D"

# *Robert H. Greene, Esq.*

*Attorney at Law*

*1135 North Main Street*
*Brockton, MA 02301*
*Telephone (508) 588-7729*
*FAX (508) 559-6692*
*rgreene550@aol.com*

March 15, 2005

Bacon & Wilson, PC
33 State Street
Springfield MA 01103

ATTENTION:    **FRANCIS R. MIRKIN, ESQ.**

RE:    PREMISES AT PATRIOT RIDGE LANE, WILBRAHAM MA
CONVEYANCE FROM ROCKY COAST, LLC TO CHARLES RICHARD
TITLE ISSUES

Dear Attorney Mirkin:

Based upon the information and documents available to my office, including documents from the Hampden Registry of Deeds and Probate Court obtained by the title examiner from my office, I have developed the following analysis of the title to the portion of property in question:

1.    The "starting" Deed for the locus in question is from Joseph J. Baldwin, William V. Baldwin and Joseph J. Baldwin, Executor/Trustee, TO JOSEPH F. BALDWIN (the elder) dated May 1, 1945;

2.    It appears that JOSEPH F. BALDWIN (the elder) held sole title to the property until his death on January 10, 1947;

3.    JOSEPH F. BALDWIN (the elder) died intestate, survived by his wife RUBY S. BALDWIN and sons JOHN F. BALDWIN (the younger) and JOSEPH V. BALDWIN;

4.    Consequently, at that time the wife RUBY S. BALDWIN shared ownership of the property- in whatever proportionate share the Massachusetts intestacy laws provided at that time for a surviving spouse- with the sons JOHN F. BALDWIN (the younger) and JOSEPH V. BALDWIN equal owners of the remaining proportionate share for the "children" of the deceased [NOTE: I believe until 1976 the surviving spouse inherited one-third of the property and the children two thirds];

5.    By Deed dated June 16, 1955, RUBY S. BALDWIN conveys all of the property in her name in Hampden County to RUBY S. BALDWIN and her son JOHN F. BALDWIN (the younger) AS JOINT TENANTS- upon this event the proportionate share of the property that RUBY S. BALDWIN inherited from JOHN F. BALDWIN (the senior) would be halved, and her other half share would be owned by JOHN F. BALDWIN (the younger) who would also continue to own his original share inherited from JOHN F. BALDWIN (the elder), with the other son JOSEPH V. BALDWIN still owning the same share he inherited from JOHN F. BALDWIN (the elder);

PAGE 2/ GREENE TO MIRKIN                    MARCH 15, 2005

6.    In making the assumption that RUBY S. BALDWIN died before the August 28, 1979 Deed from JOHN F.
      BALDWIN (the younger) to MUSSELMAN (our chain of title), when RUBY S. BALDWIN died her
      remaining joint ownership interest in the property would automatically go to JOHN F. BALDWIN (the
      younger);

7.    I make the assumption above because it is likely that when JOHN F. BALDWIN (the younger) executed
      the Deed to MUSSELMAN on August 28, 1979, he knew (or should have known) that his mother already
      died and her joint interest in the property would belong to him;

8.    In light of the above, as of the August 28, 1979 Deed from JOHN F. BALDWIN(the younger) to
      MUSSELMAN, the only BALDWIN family member who continued to have any interest in the locus was
      JOSEPH V. BALDWIN, still retaining the proportionate interest in the property inherited from JOHN F.
      BALDWIN (the elder) as described above);

9.    We have already obtained information suggesting that JOSEPH V. BALDWIN died on June 27, 2002,
      while residing at 441 South Main Street, Apartment 4, Manchester, Connecticut, and we believe he was
      survived by his wife, MARIE A. BALDWIN of the same address;

10.   My client is in a position to confirm and contact the surviving relatives of WILLIAM V. BALDWIN,
      investigate whether a probate was ever filed in the applicable county in Connecticut, identify any fiduciary
      of his estate, and obtain any required form of Release or Quitclaim Deed as may be required.

      In light of the above, and assuming my analysis is correct, it appears the only items required to "clear"
title would be a Certificate of Death for RUBY S. BALDWIN (to show the transfer by operation of law of the
jointly held share of the property to JOHN F. BALDWIN(the younger) upon her death), and the Deed from the
fiduciary of the estate of JOSEPH V. BALDWIN of Connecticut.

      Please review the above at your earliest convenience and advise. MY CLIENT IS READY AND ABLE
TO TAKE IMMEDIATE ACTION TO OBTAIN THE REQUIRED DOCUMENTS AND INFORMATION IN
ORDER TO SO "CLEAR" TITLE AS DESCRIBED ABOVE.

                              Very truly yours:

                              ROBERT H. GREENE

RHG/rhg

FAXED ONLY TO 413 739-7740 ON MARCH 15, 2005

EXHIBIT "E"

## Francis R. Mirkin

**From:**     RGreene550@aol.com
**Sent:**     Wednesday, March 16, 2005 10:18 AM
**To:**       Francis R. Mirkin
**Subject:** Re:PATRIOT RIDGE LANE, WILBRAHAM- TITLE ISSUES

ATTORNEY MIRKIN AND ATTORNEY GINTER:

With regard to the interest of RUBY S. BALDWIN, I think that notwithstanding whether the Deed of RUBY S. BALDWIN of June 16, 1955 (to herself and son JOSEPH F. BALDWIN) was intended to apply to any property she might have inherited, that the essential components of the required inquiry remain the same.

ASSUMING THAT:

1.    RUBY S. BALDWIN predeceased both her sons JOHN F. BALDWIN (the younger) and JOSEPH V. BALDWIN;

2.   That RUBY S. BALDWIN was not married at the time of her death;

3.   That there is no proof that RUBY S. BALDWIN died with any Will- and apparently there are no probates for her in Hampden County- so that she died intestate; then

4.    Upon her death, by Massachusetts intestacy laws her property would go to the two sons above in equal shares;

5.   JOHN F. BALDWIN (the younger) would have conveyed his share, along with the share he obtained from the estate of JOHN F. BALDWIN (the elder) to MUSSELMAN  by his Deed dated August 28, 1979, and we are already working on locating the fiduciary and/or heirs of the other son JOSEPH V. BALDWIN because he already had an unaccounted for interest in the property from the estate of JOHN F. BALDWIN (the elder).

In short, we will search for information pertaining to the death of RUBY S. BALDWIN and her marital status at the date of death and any possible probate in any other jurisdiction, and our communications with the JOSEPH V. BALDWIN fiduciary and/or heirs.

ROBERT H. GREENE
MARCH 16, 2005

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.

CHARLES H. RICHARD,

       Plaintiff

v.

ROCKY COAST, LLC.,

       Defendant

**AFFIDAVIT OF CHARLES H.
RICHARD**

NOW COMES Charles H. Richard, and making this Affidavit under the pains and penalties of perjury, states that the allegations contained herein are true and are based upon personal knowledge and belief.

1.  My name is Charles H. Richard. I am fifty-eight years of age and reside at 56 Deer Run Terrace, East Longmeadow, Hampden County, Massachusetts.

2.  On or about February 17, 2005, I entered into a written agreement with Rocky Coast, LLC (the "Seller") to purchase five (5) residential building lots on Patriot Ridge Lane in Wilbraham, Massachusetts for the sum of six hundred thirty thousand dollars ($630,000.00). I placed a twenty-five thousand dollar ($25,000.00) deposit down pursuant to the agreement. I am ready, willing and able to perform all of my obligations under the Purchase and Sale Agreement provided the Seller, Rocky Coast, LLC. can convey the property by a good and sufficient quitclaim deed, which transfers good and clear, record and marketable title as provided in the contract.

3.  My attorney is in receipt of letters from Ellis Title Company and the First American Title Insurance Company indicating a defect in chain of the title and First American's

unwillingness to insure against claims resulting from that defect. See Exhibits "B" and "C" of the Plaintiff's Complaint.

4.  On or about March 15 and 16, 2005, the Seller proposed a corrective action to rectify the title defect, which was acceptable to me.

5.  My willingness to accept the proposed corrective action was communicated to the Seller through its authorized agent on or about March 16, 2005.

6.  The Seller, through its authorized agent, has subsequently failed to follow through on the corrective action suggested and approved or any other attempt to cure the title defect.

7.  On or about April 12, 2005, the Seller, through its authorized agent, forwarded correspondence indicating that title as it currently exists was marketable in its present condition and status, and insurable by First American Title Insurance Company. The Seller has indicated an intention to sell to another party and no intention to take any corrective action to rectify the flaw in the title.

8.  I wish to proceed with the sale as provided in the contract dated February 17, 2005.

9.  I believe I will be irreparably harmed if the Seller is allowed to market and sell the property to another buyer as my ability to develop this unique property will be irretrievably lost.

10. I am unaware of any liability insurance which would cover the Seller for the claims made in this litigation or that could adequately compensate me for the loss of my ability to purchase the property pursuant to the terms previously agreed to by myself and the Seller.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 14TH DAY OF APRIL, 2005.

_Charles H. Richard_

CHARLES H. RICHARD

379549

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.

CHARLES H. RICHARD,

Plaintiff

v.

ROCKY COAST, LLC.,

Defendant

**PLAINTIFF'S MOTION FOR APPROVAL OF MEMORANDUM OF LIS PENDENS PURSUANT TO G.L. C. 184, §15**

NOW COME the Plaintiffs in the above-entitled matter and moves for Ex-Parte approval of a Memorandum of Lis Pendens relating to the real estate of the Defendant, Rocky Coast, LLC., located at Lots 1, 2, 3, 4 and 5 Patriot Ridge Lane, Wilbraham, Hampden County, Massachusetts, being the lands described in Book of Plans 332, Page 113 and Book 11182, Page 221 at the Hampden County Registry of Deeds.

The Plaintiff states that the subject matter of the action constitutes a claim of a right to title and real property or the use and occupation thereof or the buildings thereon.

The Plaintiff files an Affidavit attached hereto in support of his Motion.

The Plaintiff,
Charles H. Richard,
By His Attorney,

ROBERT S. MURPHY, JR.
BACON & WILSON, P.C.
33 State Street
Springfield, MA 01103
Ph: (413) 781-0560
Fax: (413) 739-7740
BBO# 550804
April 19, 2005

BACON & WILSON, P.C.
ATTORNEYS AT LAW
33 STATE STREET
SPRINGFIELD, MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

9 CHAPEL STREET
WESTFIELD, MA 01085
TELEPHONE (413) 562-8607
FAX (413) 562-7589

351 PLEASANT STREET
NORTHAMPTON, MA 01060
TELEPHONE (413) 584-3250
FAX (413) 586-0548

334 ELLA GRASSO TURNPIKE
WINDSOR LOCKS, CT 06096
TELEPHONE (860) 623-6462
FAX (860) 654-1948

℀JS 44    (Rev. 11/04)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Charles H. Richard | Rocky Coast, LLC |

| **(b)** County of Residence of First Listed Plaintiff    Hampden | County of Residence of First Listed Defendant    Cumberland County, Maine |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Robert S. Murphy, Jr.;Bacon& Wilson, P.C.;33 State Street, Springfield, MA 01103 (413) 781-0560 | Evan T. Lawson; Lawson & Weitzen, LLP;88 Black Falcon Ave. Suite345;Boston, MA 02210 |

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

❏ 1   U.S. Government Plaintiff

❏ 3   Federal Question (U.S. Government Not a Party)

❏ 2   U.S. Government Defendant

☒ 4   Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | | | ❏ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ❏ 440 Other Civil Rights | | | | |

### V. ORIGIN (Place an "X" in One Box Only)

❏ 1 Original Proceeding    ☒ 2 Removed from State Court    ❏ 3 Remanded from Appellate Court    ❏ 4 Reinstated or Reopened    ❏ 5 Transferred from another district (specify)    ❏ 6 Multidistrict Litigation    ❏ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 1332

Brief description of cause:
Action for specific performance of real property valued in the amount of $630,000

### VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint    JURY DEMAND: ❏ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE    DOCKET NUMBER

DATE
04/26/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)_____Charles H. Richard v. Rocky Coast, LLC_____

_____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

- [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

- [ ] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
       740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

- [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

- [ ] IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

- [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Not applicable.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]     NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES [ ]     NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]     NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]     NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? – (See Local Rule 40.1(d)).

   YES [ ]     NO [x]

   A.  If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [ ]        Central Division [ ]        Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]        Central Division [ ]        Western Division [x]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

   YES [x]     NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___Evan T. Lawson and J. Mark Dickison_____

ADDRESS ___Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210_____

TELEPHONE NO. __(617) 439-4990_____

(CategoryForm.wpd - 2/15/05)

The following motions pending in the state court require the attention of this Court:

1)  Plaintiff's Motion for Approval of Memorandum of Lis Pendens Pursuant to G.L. c. 184, § 15
2)  Plaintiff's Motion for Issuance of Preliminary Injunctive Relief.