UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30097-MAP

CHARLES H. RICHARD,

    Plaintiff

v.

ROCKY COAST, LLC.,

    Defendant

**AFFIDAVIT OF ELIZABETH A. GINTER**

NOW COMES Elizabeth A. Ginter, and making this Affidavit under the pains and penalties of perjury, states that the allegations contained herein are true and are based upon personal knowledge and belief.

1. My name is Elizabeth A. Ginter and I am an attorney licensed to practice law in the Commonwealth of Massachusetts. I have been employed by Ellis Title Company as a Title Examiner for seven (7) years. I am familiar with and have personal knowledge regarding the allegations contained herein.

2. On March 4, 2005 I examined the title for the property located at Lots numbered 1 through 5, Patriot Ridge Lane in Wilbraham, Massachusetts for Attorney Francis R. Mirkin.

3. In examining the title, I discovered that it was missing the interest of two people in the chain of title.

4. I began my examination with a deed of Joseph J. Baldwin and William V. Baldwin, individually and said Joseph J. Baldwin as Executor to John F. Baldwin

dated May 1, 1945 and recorded with the Hampden County Registry of Deeds in Book 1837, Page 1.

5. John F. Baldwin then died intestate leaving the track of land to his wife, Ruby and two sons, John F. Baldwin, Jr. and Joseph V. Baldwin.

6. In order to clear up title we would need an affidavit for Ruby S. Baldwin setting forth her date of death, who her heirs were, and that no formal probate proceedings were filed in Massachusetts. We would also need a deed from the Estate of Joseph V. Baldwin.

7. On or about March 22, 2005, I spoke with Attorney Robert Greene's title examiner in which we discussed the title problem and she agreed with my analysis. She indicated to me that she had made the Defendant aware when the Defendant purchased the property that there might be possible title issues, but they chose to only do a rundown and rely on the existing title policy.

8. After my conversation with Attorney's Greene's title examiner, on March 22, 2005 I communicated this problem to Attorney Robert Greene.

9. On March 15, 2005, I received a letter from Attorney Greene stating that he would get a death certificate for Ruby, which was not satisfactory to me, and that he would get a deed from the Estate of Joseph V. Baldwin.

10. With regard to the deed dated August 1, 1958, I was not aware of the fact that Joseph V. Baldwin was married to a Marie Baldwin until Attorney Greene informed me of this fact. Therefore, I did not use that information when I conducted my title examination. Regardless of that fact, the deed fails to convey

the property because it specifically excludes property that had been previously conveyed.

11. Ellis Title Company is not willing at this time to risk possible future claims of the heirs of Joseph V. Baldwin or Ruby S. Baldwin.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 6th DAY OF MAY, 2005.

_____
ELIZABETH A. GINTER

### CERTIFICATE OF SERVICE

I, ROBERT S. MURPHY, JR., hereby certify that on May 6, 2005, I caused a copy of the foregoing Affidavit of Elizabeth A. Ginter to be served upon all interested parties by hand delivering a copy thereof to:

J. Mark Dickison, Esquire
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

_____
ROBERT S. MURPHY, JR.

383816