UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARLES H. RICHARD, | ) | No. 05-30097-MAP |
|     Plaintiff and | ) | |
|     Defendant-in-Counterclaim, | ) | |
| v. | ) | |
| | ) | |
| ROCKY COAST, LLC, | ) | |
|     Defendant and | ) | |
|     Plaintiff-in-Counteclaim. | ) | |

**ANSWER AND COUNTERCLAIM OF DEFENDANT ROCKY COAST, LLC**

The defendant Rocky Coast, LLC ("Defendant") answers the complaint of the plaintiff Charles H. Richard and states its counterclaim as follows:

### FIRST DEFENSE

1. Defendant admits the allegations in paragraph 1 of plaintiff's complaint.

2. Defendant admits the allegations in paragraph 2 of plaintiff's complaint.

3. Defendant admits the allegations in paragraph 3 of plaintiff's complaint.

4. Defendant admits the allegations in paragraph 4 of plaintiff's complaint.

5. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 5.

6. Defendant denies the allegations in paragraph 6 of plaintiff's complaint.

7. Defendant admits that accurate copies of a letter dated March 15, 2005 from Richard H. Greene to Francis R. Mirkin and an electronic mail message (email) dated March 16, 2005 from Richard H. Greene to Francis R. Mirkin are attached to the plaintiff's Complaint and states that these documents speak for themselves.

8. Defendant admits that plaintiff's counsel indicated a willingness to accept the actions proposed by Greene in his March 15, 2005 letter and March 16, 2005 email referenced in paragraph 7 above.

9. Defendant denies the allegations in paragraph 9 of plaintiff's complaint.

10. Defendant admits that the April 13, 2005 correspondence speaks for itself.

11. Defendant admits that April 15, 2005 correspondence from First American Title Insurance Company to Attorney Robert Murphy attached to plaintiff's complaint speaks for itself, although the insurer did insure title in its present condition and status in 1989.

12. Defendant denies the allegations in paragraph 12 of plaintiff's complaint.

13. Defendant denies the allegations in paragraph 13 of plaintiff's complaint.

14. Defendant lacks knowledge or information sufficient to admit or deny that plaintiff has out-of-pocket expenses in the form of payment for permits, plot plans, surveys, signage, blueprints, and preliminary planning board approval of his building project and installing a well to service one of the lots.  Defendant denies that, if such expenses were incurred, that they are appropriately characterized as "ancillary damage," or that they were incurred in reasonable reliance on the Seller's good faith performance under the terms of the contract, or that Seller did not perform in good faith under the contract.

15. Defendant reasserts and realleges its answers to the allegations made in paragraphs 1 through 14 of plaintiff's complaint.

16. Defendant denies the allegations in paragraph 16 of plaintiff's complaint and further denies that plaintiff is entitled to the relief requested in Count I of the complaint.

17. Defendant reasserts and realleges its answers to the allegations made in paragraphs 1 through 16 of plaintiff's complaint.

18. Defendant admits the allegations in paragraph 18 of plaintiff's complaint.

19. Defendant denies the allegations in paragraph 19 of plaintiff's complaint.

20. Defendant denies the allegations in paragraph 20 of plaintiff's complaint and further denies that plaintiff is entitled to the relief requested in Count II of the complaint.

21. Defendant reasserts and realleges its answers to the allegations made in paragraphs 1 through 20 of plaintiff's complaint.

22. Defendant denies the allegations in paragraph 22 of plaintiff's complaint.

23. Defendant denies the allegations in paragraph 23 of plaintiff's complaint and further denies that plaintiff is entitled to the relief requested in Count III of the complaint.

24. Defendant reasserts and realleges its answers to the allegations made in paragraphs 1 through 23 of plaintiff's complaint.

25. Defendant denies the allegations in paragraph 25 of plaintiff's complaint.

26. Defendant denies the allegations in paragraph 26 of plaintiff's complaint.

27. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 27 of plaintiff's complaint.

28. Defendant denies the allegations in paragraph 28 of plaintiff's complaint and further denies that plaintiff is entitled to the relief requested in Count IV of the complaint.

## SECOND DEFENSE

As to each count, plaintiff has failed to state a claim upon which relief can be granted.

## THIRD DEFENSE

Without conceding that plaintiff has suffered any damages as a result of any purportedly wrongful act of defendant, plaintiff has failed to mitigate his damages.

## FOURTH DEFENSE

Plaintiff, by his conduct and actions, is prohibited from recovering any judgment against defendant by the doctrine of estoppel, laches, and unclean hands.

## FIFTH DEFENSE

Plaintiff, by his conduct and actions, waived any and all rights he may have had against the defendant and therefore cannot recover in this action.

## SIXTH DEFENSE

Without conceding that it committed any wrongful conduct, wrongdoing by the defendant, if any, was unintentional and resulted from bona fide error.

## SEVENTH DEFENSE

There was no willfulness, malicious conduct, recklessness, harassment, or reckless disregard of the rights of plaintiff by defendant in any of the events upon which this suit has been instituted.

## EIGHTH DEFENSE

The plaintiff is precluded from obtaining relief due to his own breach of contract

## NINTH DEFENSE

Defendant's obligations to the plaintiff have been fully, completely and properly performed in every respect.

## TENTH DEFENSE

The defendant states that plaintiff is not entitled to relief inasmuch as he was not ready, willing, and able to perform his obligations under the Purchase and Sale Agreement.

## COUNTERCLAIM

1. Plaintiff-in-counterclaim, Rocky Coast, LLC, is a Maine limited liability company with a principal place of business at 50 Portland Pier, Suite 400, Portland, Maine.

2. Defendant-in-counterclaim, Charles H. Richard ("Richard"), is an individual residing at 32 High Pine Circle, East Longmeadow, Massachusetts.

### FACTS COMMON TO ALL CLAIMS

3. On February 17, 2005, Rocky Coast, LLC and Richard entered into a Purchase & Sale Agreement under which Rocky Coast, LLC agreed to sell and Richard agreed to purchase certain real property located in Wilbraham, Massachusetts identified as Lots 1, 2, 3, 4, and 5 Patriot Ridge Lane (the Property). The purchase price was six hundred and thirty thousand dollars ($630,000.00) and the closing was scheduled for March 3, 2005, which was later extended to March 11, 2005.

4. Richard paid the amount of $25,000 to Rocky Coast as a deposit to secure the performance of the Purchase and Sale Agreement.

5. As part of his purported due diligence under the Purchase and Sale Agreement, Richard, or his representatives, entered onto the Wilbraham Property and disturbed it by conducting extensive testing and installing a well, exceeding the scope of access authorized in the Purchase and Sale Agreement. As a result of these actions, Richard has caused erosion to occur on the Property and Rocky Coast, LLC will now have to take measures to restore the Property.

6. Rocky Coast, LLC, has met all of its obligations under the February 17, 2005 Purchase and Sale Agreement relating to the Property. In fact, Rocky Coast tendered the deed and was ready, willing and able to perform its obligations at the time and place fixed by parties under the Purchase and Sale Agreement for the transfer of title.

7. Richard refused to close on the Wilbraham Property despite Rocky Coast, LLC's having met all of its obligations under the Purchase and Sale Agreement. Specifically, Richard refused to accept the tendered title to the Wilbraham Property and refused to pay the purchase price as and when agreed upon by parties under the Purchase and Sale Agreement.

8. Because Richard refused to perform under the Purchase and Sale Agreement, Rocky Coast, LLC sent him notice that the Purchase and Sale Agreement was deemed of no further effect and tendered Richard's deposit thereunder.

9. The parties entered into an Agreement of First Refusal dated February 17, 2005 relating to Lots 6, 7 and 8 on Patriot Ridge Lane, Wilbraham, Massachusetts, as identified and designated on "Patriot Ridge Lane Definitive Subdivision Plot

Plan," dated November 12, 2003 prepared by Huntley Associates, P.C. and recorded in May 14, 2004 at Plan Book 332 Plan 113 at the Hampden County Registry of Deeds (Agreement of First Refusal). The consideration for the Agreement of First Refusal was Richard's full, timely and satisfactory performance under the Purchase and Sale Agreement.

10. As a result of Richard's breach of the Purchase and Sale Agreement, there is no consideration for the Agreement of First Refusal.

## CLAIM I
### Breach of Contract

11. Richard breached the Purchase and Sale Agreement by refusing to close on the Wilbraham Property, by exceeding the scope of access to the property authorized under the Purchase and Sale Agreement, and by failing to return the property to its original condition prior to his entry.

12. In accordance with the Purchase and Sale Agreement, Rocky Coast, LLC is entitled to retain Richard's deposit as a result of his failure to close on the Wilbraham Property.

13. In accordance with the Purchase and Sale Agreement, Richard shall indemnify and hold Rocky Coast, LLC harmless from all damages to the Wilbraham Property while Richard or his agents are on the property.

14. As a result of Richard's breach of the Purchase and Sale Agreement, there is no consideration for the Agreement of First Refusal and said agreement is void.

**CLAIM II**
**Trespass**

15. Rocky Coast, LLC retains the sole right to possess and enter upon the Wilbraham Property, accept as provided in the Purchase and Sale Agreement.

16. By conducting extensive testing and installing a well at the Wilbraham Property and thereby causing erosion to occur, Richard illegally and intentionally, recklessly or negligently entered Rocky Coast, LLC's property.

17. As a result of Richard's trespass, Rocky Coast, LLC has suffered and continues to suffer injury for which it is entitled to damages.

**CLAIM III**
**Declaratory Judgment**

18. An actual controversy has arisen between the parties as to their respective rights under the Purchase and Sale Agreement and the Agreement of First Refusal.

19. As a result of Richard's refusal to close on the Wilbraham Property, he breached the Purchase and Sale Agreement, thereby rendering the Purchase and Sale Agreement null and void and entitling Rocky Coast, LLC to retain Richard's deposit thereunder.

20. As a result of Richard's breach of the Purchase and Sale Agreement, there is no consideration for the Agreement of First Refusal and therefore that Agreement of First Refusal is of no further force or effect.

**PRAYER FOR RELIEF**

**Wherefore**, the plaintiff-in-counterclaim, Rocky Coast, LLC, respectfully requests this Honorable Court:

1) Enter judgment in its favor against the defendant-in-counterclaim Charles H. Richard on all claims in an amount sufficient to compensate plaintiff-in-counterclaim Rocky Coast, LLC for all its damages plus interest, costs, and reasonable attorneys' fees;

2) Enter judgment in its favor on its claim for indemnification under the contract and trespass in an amount sufficient to compensate plaintiff-in-counterclaim Rocky Coast, LLC for all its damages plus interest, costs, and reasonable attorneys' fees;

3) Declare and order that the amount of "Buyer's deposit" under the Purchase and Sale Agreement, with interest from the date of the breach, is to be paid to the plaintiff-in-counterclaim Rocky Coast, LLC as liquidated damages;

4) Declare that the Agreement of First Refusal is void and of no further effect on the basis that defendant-in-counterclaim has given no consideration for same;

5) Order such other relief as may be equitable and just.

ROCKY COAST, LLC,
By its attorneys,

  /s/ Evan T. Lawson
Evan T. Lawson (BBO# 289280)
J. Mark Dickison (BBO# 629170)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987

CERTIFICATE OF SERVICE

    I, J. Mark Dickison, hereby certify that on May 11, 2005, a true copy of the foregoing document was electronically filed with the Court and sent by first class mail to all counsel of record.

                                                /s/ J. Mark Dickison
                                                _____
                                                J. Mark Dickison (BBO No.629170)