UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30097-MAP

| | |
|---|---|
| CHARLES H. RICHARD,<br><br>        Plaintiff<br><br>v.<br><br>ROCKY COAST, LLC.,<br><br>        Defendant | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S SPECIAL MOTION TO DISMISS** |

## INTRODUCTION

Rocky Coast, LLC (hereinafter referred to as the "Seller") has moved for dismissal of the Plaintiff's claim for specific performance. The Plaintiff, Charles H. Richard (hereinafter referred to as the "Buyer") opposes the Defendant's Motion.

## ARGUMENT

The thrust of the Seller's argument in support of its Motion to Dismiss is a claim that the Buyer has no likelihood of success on the merits of his claim under Massachusetts law. Cases involving disputes over the parties to purchase and sale agreements in Massachusetts are legion. As those cases pertain to the circumstances in the case at bar, i.e., a buyer seeking specific performance of a seller, the cases fall into three general categories. First are cases where a written contract between the parties contains an "escape clause" which, in the event that good title cannot be conveyed, limits the buyer's remedy to return of a deposit. See *Old Colony Trust Company v. Chauncey*, 214 Mass. 271, 101 N.E. 227; *Buckley v. Meer*, 251 Mass. 23, 146 N.E. 227; *Moskow v. Burke*, 255 Mass. 563, 152 N.E.2d 321; *Drapen v. Foley*, 258

1

Mass. 167, 154 N.E.2d 568; *Margolis v. Tarutz*, 265 Mass. 540, 164 N.E. 451; *New York, N .H. & H.R. Co. v. Butter*, 276 Mass. 236, 176 N.E. 797; *Flier v. Rubin*, 321 Mass. 464, 73 N.E.2d 742; *Prescott v. Germain,* 326 Mass. 432, 95 N.E.2d 168; and *Trabucco v. Nelson*, 8 Mass. App. Ct. 641, 396 N.E.2d 466.  The second genre of cases similar to the case at bar involve purchasers attempting to enforce purchase and sale agreements where the written agreement affirmatively requires the seller to take reasonable steps to clear title.  *Widebeck v.* Sullivan, 327 Mass. 429, 99 N.E.2d 165; *Ross & Roberts v. Simon*, 362 Mass. 12, 92 N.E.2d 570 (1950). The final type of case considered by appellate courts are cases where the agreement between the parties is silent as to the seller's obligation to remedy a title defect.  *Dennett v. Norwood Housing Association, Inc.*, 241 Mass. 516, 135 N.E. 866; *Parkhurst v. Maynard*, 285 Mass. 59, 188 N.E. 510; *Freedman v. Walsh*, 331 Mass. 401, 119 N.E.2d 419; *Smith v. MacAlister*,  1 Mass. App. Ct. 22, 294 N.E.2d 441.  The case at bar falls into the third category insofar as the Purchase and Sale Agreement is silent as to the remedies available to the parties in the event the Seller is unable to tender clear, record and marketable title.

In those cases where an "escape clause" provides for the termination of the obligations between the parties and/or a return of the deposit, the law of the Commonwealth is consistent with that espoused by the Seller in the case at bar. Similarly, when a  seller covenants to make reasonable efforts to clear title, it is obviously an express term that appellate courts will enforce.  The gray area arises, like in the case at bar, when the agreement between the parties has neither a "escape clause" nor an affirmative covenant to make reasonable efforts to clear title.

In *Dennett v. Norwood Housing Association, Inc.,* 24 Mass. 516, 135 N.E. 866, a buyer demanded specific performance from the seller where the seller agreed to give "a clear and satisfactory title, free from all encumbrances." The agreement was otherwise silent as to what remedy the buyer might employ in the event of breach. Like the Seller in the case at bar, the defendant in the *Dennett* case argued that the plaintiff was not entitled to relief because he had no enforceable rights under the contract. In the *Dennett* case, the defendant corporation refused to secure a discharge of a mortgage on the property at a cost of $9,500.00. The defendant's reluctance was understandable insofar as the purchase of the property was for $10,000.00. The court held that "if the encumbrance could be removed by a money payment, the defendant became bound to make it." *Id.* 523, 867-868. The court went on to affirm the trial court's award of specific performance. In the case at bar, the Buyer is seeking to enforce its agreement with the Seller by causing the Seller to obtain an affidavit and/or a deed from representative of a prior owner to clarify the status of the title to the property. The relief sought is even less onerous than that imposed on the seller in *Dennett*, and should be granted.

The Seller relies on the cases of *Smith v. MacAlister,* 1 Mass. App. Ct. 22, 294, N.E.2d 441, to argue that specific performance is not an available remedy under the circumstances of the case at bar. The Buyer, however, believes that the Smith case stands for the proposition that, under the proper circumstances, i.e., no "escape clause," specific performance is indeed a remedy available to the Buyer. The *Smith* case involved a written contract to sell real estate which was silent as to the remedy in the event that the seller was unable to provide "good and clear, record and marketable title to said property, free of all encumbrances." As the *Smith* case evolved, it became

apparent that a third party who initially claimed an interest in the property had withdrawn that claim.  The court opined that, if that were indeed the case, a final decree should enter ordering specific performance upon tender by the plaintiff of the purchase price within a definite time.  *Id.* at 27, 444.  The remedy of the specific performance in that case was clearly recognized when the court said "in a suit brought by the purchaser against the vendor for specific performance with compensation, the court must make a determination as to the nature of the alleged encumbrance, where it is in doubt, if for no other purpose than to determine its value in order to fix compensation."  *Id*. at 26-27, 444.  Clearly the *Smith* court leaves open for consideration the remedy of specific performance as being available in a suit brought by a buyer against a seller for enforcement of a written contract to sell land that does not include an "escape clause."

In *Freedman v. Walsh*, 331 Mass. 401, 119 N.E.2d 419, the Supreme Judicial Court did not reject a buyer's action seeking specific performance brought by a buyer of various parcels of land purchased at public auction.  In that case, an oral contract of sale was reached between the parties and a memorandum stated all the essentials of that contract.  The trial judge found that if the statute of frauds was not a defense, specific performance should be ordered.  *Freedman* at 402, 421.  In reviewing the decision of the lower court, the SJC did not reject the remedy of specific performance.  It noted that specific performance was not a matter of absolute right and that it "ought not be granted if it will result in imposing an undue hardship upon one party to an agreement or permit another party to obtain an inequitable advantage."  *Id.* at 406, 423.  The court continued its reasoning to state that "[o]n the other hand, agreements are made to be performed, and relief should be given in the absence of special

circumstances showing that it would be inequitable to do so." *Id.*  The court went on to find, as the Appeals Court did in the *Smith* case, that a full examination of the nature and character of claims in the case must be established in order to determine the appropriate remedy.  In the *Freedman* case, the SJC had ample opportunity to state that under the circumstances of that case, that specific performance was unavailable to the buyer.  It did not.  Under the circumstances of the *Freedman* case, and the case at bar, it is appropriate to impose on parties who make no specific provisions for themselves, an obligation to act reasonably under the circumstances.  That would extend to obligations to take reasonable steps to clear title.  If the Seller could demonstrate to the court that clearing title would require significant cash expenditures or other Herculean effort, it would obviously present an "undue hardship" which the court recognized in the *Freedman* case.  On the other hand, if all that is required is the tendering and recording of a quitclaim deed from a representative of a prior owner's estate, this would be a "slight burden" as envisioned in the *Smith* case.

Although the Agreement between the parties in the case at bar is silent as to an express "escape clause," the Agreement itself contains circumstantial evidence of the expectations to the parties with regard to clearing title.  At paragraph five, page two of the Purchase and Sale Agreement the parties agreed "to enable the Seller to make conveyance as herein provided, the Seller may, at the time of delivery of the Deed, use the purchase money or any portion thereof, to clear the title of any and all encumbrances or interest, provided that all instruments so procured are recorded simultaneously with the delivery of said Deed."  Existence of this clause in the Agreement between the parties clearly evidences the understanding of the parties that

5

the Seller would have to take reasonable steps to provide clear title.  Under the current position taken by the Seller in this matter, it claims that it has to take no steps to remedy the title defect.  That position is clearly inconsistent with a fair reading of the written Agreement between the parties. [1]

Finally, the Seller has devoted several pages of its brief to support its claim that there is no cloud on the title to the property.  The fact that such an argument takes several pages (and a diagram as attached at Exhibit 5) of the Defendant/Seller's Opposition belies its position that there is in fact no cloud on the title to the property.  In support of the Buyer's contention that title as offered is defective, the Buyer has included letters from a well-respected local title company and from the First American Title Insurance Company.  Both letters suggest that a significant, if arcane, problem with title to the property does indeed exist and that title, as currently offered by the Seller, is neither clear nor marketable.

Finally, even in cases where an escape clause is included, it does not protect the seller who is not acting in good faith and who does not intend to carry out the agreement.  *Trabucco v. Nelson*, 8 Mass. App. Ct. 641, 644, 396 N.E.2d 466, 468; *Berry v. Nardozzi*, 362 Mass. 145, 149, 284 N.E.2d 250.  In the case at bar, there is ample evidence that the Seller is not acting in good faith.  First, the Seller's authorized representative agreed to take minor steps to cure the title defect.  Thereafter, he reneged on that agreement and implied that if the Buyer failed to accept title "as is" that

---

[1] The Buyer believes that cases involving court's imposition of an obligation to make reasonable efforts to achieve conditions precedent to performance support its position as argued in its Memorandum of Law in support of his Motions previously filed.

the Seller would proceed to sell the property to other, known interested buyers. Those uncontested facts are clearly indicative of a party operating outside the requirements of good faith and fair dealing.

## CONCLUSION

The Plaintiff/Buyer has requested specific performance in the form of requiring the Defendant/Seller to take minor and reasonable steps to clear a defect in title to the subject property. The Defendant/Seller has steadfastly refused to do so, after having initially agreeing to take these reasonable steps. Under the circumstances, this Court should deny the Defendant's Special Motion to Dismiss and issue the *Lis Pendens* as requested.

>The Plaintiff,
>Charles H. Richard,
>By His Attorney,
>
>
>     /s/Robert S. Murphy, Jr.
>ROBERT S. MURPHY, JR.
>BACON & WILSON, P.C.
>33 State Street
>Springfield, MA 01103
>Ph: (413) 781-0560
>Fax: (413) 739-7740
>BBO# 550804
>May 13, 2005

### CERTIFICATE OF SERVICE

I, ROBERT S. MURPHY, JR., hereby certify that on May 13, 2005, I caused a copy of the foregoing Plaintiff's Memorandum of Law in Opposition to the Defendant's Special Motion to Dismiss to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

J. Mark Dickison, Esquire
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

>     /s/Robert S. Murphy, Jr.
>ROBERT S. MURPHY, JR.