UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30097-MAP

CHARLES H. RICHARD,

    Plaintiff

v.

ROCKY COAST, LLC.,

    Defendant

**AFFIDAVIT OF ROBERT S. MURPHY, JR.**

NOW COMES Robert S. Murphy, Jr., and making this Affidavit under the pains and penalties of perjury, states that the allegations contained herein are true and are based upon personal knowledge and belief:

1. My name is Robert S. Murphy, Jr. I am an attorney licensed to practice law in the Commonwealth of Massachusetts and have been so licensed since 1987.

2. I am a partner at the law firm of Bacon & Wilson, P.C. and have extensive familiarity with rates of compensation for partners and associates who engage in litigation in the area. This knowledge comes both through my experience as a partner at Bacon & Wilson, P.C. as well as discussions with partners in other local firms as to their hourly billable rate and the rates of their associates.

3. Attorney Lawson's billable hourly rate exceeds the rates for similarly accomplished litigators in the area. I believe a reasonable rate for litigation of this type is between $175.00 to $250.00 per hour.

1

4. Attorney Burhoe's billable hourly rate of $225.00 per hour may be properly recoverable in Boston in the specialized field of environmental litigation, however, in the type of case presented in this matter, such a rate is in excess of reasonable compensation.  A reasonable rate for research and drafting is between $150.00 to $200.00 per hour.

5. Attorney Burhoe's devoting nearly forty hours of time to research and writing on the sole issue of the Special Motion to Dismiss is excessive.

6. The Special Motion to Dismiss itself consists of one page recitation of the text of the statute.  The Defendant's brief makes two references and no arguments independent of the arguments regarding the request for injunctive relief.  The Defendant's eighteen page memorandum (pleading #11) devotes several pages to facts and argument surrounding the alleged title issue, an issue the Court did not decide in reaching its conclusion.  Hours spent on that task were excessive.  Furthermore, the memo's format and content is almost exclusively aimed at defeating the Motion for Preliminary Injunctive Relief.  The statute was amended in 2003 to add the special motion to dismiss.  Therefore, there is very little case law to review as only <u>two</u> cases are reported under the statute since its amendment.

7. The lion's share of the work performed by the Defendant's attorneys was directed toward defeating the Plaintiff's request for preliminary injunction as evidenced by the initial pleadings (pleading #11), oral argument and billing records and is easily separable from the Special Motion to Dismiss issues.

8. The Plaintiff's theory of recovery, i.e., that in the absence of an escape clause, the doctrine of good faith and fair dealing imposed upon the Defendant an obligation to make reasonable efforts to clear title was brought in good faith by the Plaintiff, although it was ultimately rejected by the Court.

9. At oral argument, the Court invited the Plaintiff to file an opposition to the Special Motion to Dismiss, which he did. The Defendant then requested the Plaintiff agree to allow filing of a supplemental brief, which request was freely granted. The Defendant now seeks to recover the expense related to that filing which is fundamentally unfair.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 30th DAY OF JUNE, 2005.

                    /s/Robert S. Murphy, Jr.
                    ROBERT S. MURPHY, JR.

### CERTIFICATE OF SERVICE

I, ROBERT S. MURPHY, JR., hereby certify that on June 30, 2005, I caused a copy of the foregoing Affidavit of Robert S. Murphy, Jr. to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

Kathryn E. Pieczarka, Esquire
J. Mark Dickison, Esquire
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-2414

                    /s/Robert S. Murphy, Jr.
                    ROBERT S. MURPHY, JR.

393616